UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
FRANK J. GAETA,

                        Plaintiff,

    -against-

INCORPORATE VILLAGE OF GARDEN CITY,
GARDEN CITY POLICE DEPARTMENT,
COUNTY OF NASSAU, POLICE OFFICER
"JOHN" WEDRA, POLICE OFFICE "JOHN"
BARONE, POLICE OFFICER "JOHN
DOE 1" and POLICE OFFICER "JOHN
DOE 2" (fictitious names for two other
police officers involved in this incident),

                       Defendants.
------------------------------------------------x

**COMPLAINT WITH JURY DEMAND**

Docket #:

CV 03 2109

SPATT, J.

LINDSAY, M.J.

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. - 1 2003 BROOKLYN OFFICE

    Plaintiff, by and through his attorney, FREDERICK J. MARTORELL, ESQ., of FREDERICK J. MARTORELL, ESQ., P.C., complaining of the defendants allege upon information and belief the following:

### FACTS COMMON TO ALL COUNTS

    1.    Plaintiff FRANK J. GAETA is a resident of the State of New York and files this action against the INCORPORATED VILLAGE OF GARDEN CITY and others for damages arising out of violations of his Federal and State constitutional and statutory rights, and for physical injuries.

    2.    Plaintiff FRANK J. GAETA was subjected to serious and cruel physically abusive conduct under color of state law in utter disregard for the rights guaranteed him under the Fourth (4th), Fifth (5th), Eighth (8th) and Fourteenth (14th) Amendments of the U.S. Constitution and other statutes and that the defendants infringed upon the personal liberty of plaintiff.

3. That plaintiff's Fourth Amendment rights to be free from arbitrary and unreasonable interference with his person was violated, giving rise to a claim under 42 USC §1983.

4. The plaintiff FRANK GAETA was denied the right, under the Fourth Amendment of the Constitution, to be free and unmolested in his person, when the police officers improperly restrained, falsely imprisoned and falsely arrested him and that plaintiff was further violated by these defendants pursuant to 42 USC §1983 in that wrongful and excessive force was used in the unlawful detention and arrest of plaintiff.

5. That plaintiff FRANK GAETA was denied the right to be free and thus deprived of his liberty under the Fifth and Fourteenth Amendments of the United States Constitution by defendants Police Officer Wedra, Police Officer Barone, Police Officer John Doe 1 and Police Officer John Doe 2 when they detained him against his will and further that these officers of the defendants Incorporated Village of Garden City and the Garden City Policy Department failed to protect the plaintiff from wanton and reckless physical assault and humiliation from other police officers while he was in their care and custody.

## JURISDICTION

6. This claim concerns the violation of civil rights and the Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343. Plaintiff also pleads pendent claims for relief under the laws of the State of New York pursuant to 28 U.S.C. Section 1367.

## VENUE

7. Plaintiff FRANK J. GAETA currently resides in Albrightsville, State of Pennsylvania. The claims alleged arose in the Eastern District and in particular, Nassau County.

The defendants, County of Nassau and Incorporated Village of Garden City are located in the Eastern District. Accordingly, venue properly lies in Eastern District pursuant to 28 USC §1391.

PARTIES

8.  Plaintiff FRANK J. GAETA is an adult citizen of the United States. He is a resident of the Town of Albrightsville, State of Pennsylvania.

9.  a.  Defendant INCORPORATED VILLAGE OF GARDEN CITY is, was and continues to be a municipal corporation formed pursuant to the Municipal Laws of the State of New York.

   b.  Defendant GARDEN CITY POLICE DEPARTMENT is, was and continues to be a Police Department formed by the Incorporated Village of Garden City and County of Nassau.

   c.  Defendant COUNTY OF NASSAU is, was and continues to be a County in the State of New York.

   d.  Defendant POLICE OFFICER "JOHN" WEDRA is, was and continues to be an employee of defendant GARDEN CITY POLICE DEPARTMENT for the INCORPORATED VILLAGE OF GARDEN CITY. He is being sued in his individual and official capacity for his actions against the Plaintiff FRANK J. GAETA leading to these claims.

   e.  Defendant POLICE OFFICER "JOHN" BARONE is, was and continues to be an employee of defendant GARDEN CITY POLICE DEPARTMENT for the INCORPORATED VILLAGE OF GARDEN CITY. He is being sued in his individual and official capacity for his actions against the Plaintiff FRANK J. GAETA leading to these claims.

   f.  Defendant POLICE OFFICER "JOHN DOE 1" is, was and continues to be an employee of defendant GARDEN CITY POLICE DEPARTMENT for the INCORPORATED

VILLAGE OF GARDEN CITY. He is being sued in his individual and official capacity for his actions against the Plaintiff FRANK J. GAETA leading to these claims.

    g.  Defendant POLICE OFFICER "JOHN DOE 2" is, was and continues to be an employee of defendant GARDEN CITY POLICE DEPARTMENT for the INCORPORATED VILLAGE OF GARDEN CITY. He is being sued in his individual and official capacity for his actions against the Plaintiff FRANK J. GAETA leading to these claims.

  10. That at all times herein mentioned, upon information and belief, the municipal defendant GARDEN CITY, the GARDEN CITY POLICE DEPARTMENT and the Garden City Police Officers employed by said defendants are an official and authorized law enforcement presence.

## FACTUAL ALLEGATIONS

  11. On May 2, 2002, at approximately Stewart Avenue and Washington Avenue in the County of Nassau, Village of Garden City, State of New York, Garden City POLICE OFFICERS "JOHN" WEDRA, "JOHN" BARONE and "JOHN DOE 1" acting under color of State, authority and pursuant to a pattern of unconstitutional conduct to which the Garden City Police Department, Incorporated Village of Garden City and County of Nassau were deliberately indifferent to, forcibly handcuffed plaintiff FRANK J. GAETA behind his back upon allegations that FRANK J. GAETA was in possession of illegal narcotics while operating his motorcycle at or near the intersection of Stewart Avenue and Washington Avenue in the Incorporated Village of Garden City in the County of Nassau, State of New York.

  12. Plaintiff FRANK J. GAETA was questioned by defendants WEDRA and BARONE at the intersection of Stewart Avenue and Washington Avenue in Garden City and

falsely accused of impersonating a peace officer for his benefit, being under the influence of narcotics and of being in possession of narcotics.

13. That failing to find any narcotics, Officers WEDRA and BARONE forcefully handcuffed and subdued Plaintiff FRANK J. GAETA, who posed no threat to anyone.

14. Plaintiff FRANK J. GAETA was subjected to physical and emotional abuse during his detainment and was never read any rights as required by Federal and State law while at the location of the police stop and search.

15. Plaintiff FRANK J. GAETA was brought to the Garden City police station where he was held in custody for an excessive period of time wherein he was subjected to physical and emotional abuse during which time he was never read any rights as required by Federal and State law.

16. The Plaintiff was arrested without probable cause or justification by the Defendant after having been in custody against his will and without legal causes for an excessive period of time.

17. As a result of all the acts of the defendants without reason or provocation, the plaintiff sustained serious and permanent physical and psychological injuries.

18. Upon information and belief, defendants' inadequate training, negligent supervision and creation of policy permitted such abuse of the plaintiff.

19. That defendants POLICE OFFICERS WEDRA, BARONE, JOHN DOE 1 and JOHN DOE 2, and others who were present at the time the plaintiff was taken into custody, did nothing to prevent the assault, false arrest, false imprisonment and violation of the plaintiff's civil and constitutional rights. In failing to exercise proper supervision and by failing to effectively carry out their duties as supervising police officers, they in effect allowed and condoned the

assault, battery, false arrest, false imprisonment and violation of the plaintiff's civil and constitutional rights.

20. By virtue of the U.S. Constitution and the statutes and regulations of the State of New York and, in particular Garden City Police Department regulations, defendants had and still have a duty to refrain from physical abuse of the plaintiff. Thus, given the existence of the duties imposed the untold violation of individual's rights that have occurred, the abusive conduct alleged above was done intentionally and with complete disregard for rights secured to the plaintiff under the Constitution of the U.S. and laws of the State of New York.

21. That on July 24, 2002 a Notice of Claim was served upon the Village Clerk of the Village of Garden City and the County of Nassau pursuant to Section 50-e of the General Municipal Law of the State of New York.

22. That on March 20, 2003, a hearing pursuant to Section 50-h of the General Municipal Law of the State of New York was held of the plaintiff FRANK J. GAETA.

23. That more than thirty (30) days have elapsed since the presentment of the plaintiff's claim herein without settlement or adjustments by the Incorporated Village of Garden City or the County of Nassau.

24. That Plaintiff has complied with all conditions precedent under the Municipal Law of the State of New York prior to the commencement of this action against the Incorporated Village of Garden City and County of Nassau, its employees, agents and servants.

<u>AS AND FOR A FIRST COUNT</u>
<u>BASED UPON SECTION 42 USC SECTION 1983</u>

25. Plaintiff repeats, realleges and reaffirms paragraphs one (1) through twenty-four (24) as if fully set forth herein.

26. The actions of the defendants were done intentionally, willfully and/or with deliberate indifference to, or reckless disregard for, the rights secured plaintiff under U.S. Constitution and with knowledge of the consequences of their acts or omissions, to wit the acts of physical and emotional abuse clearly reflected knowledge on the part of the defendants that harmful and offensive contacts and consequences would occur. Moreover, the failure of the other defendants to this action, including defendants INCORPORATED VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, COUNTY OF NASSAU, POLICE OFFICER WEDRA, POLICE OFFICER BARONE, POLICE OFFICER JOHN DOE 1 AND POLICE OFFICER JOHN DOE 2 to adequately intervene, train and create constitutionally conforming policies that protect an individual's rights reflects deliberate indifference to the plaintiff's welfare and caused him injuries.

27. Defendants' misconduct totally disregarded the rights of substantive and procedural due process guaranteed by the U.S. Constitution and 42 USC Section 1983 and caused actual damages including pain and suffering an amount not less than the minimum monetary amount of this Court and for punitive damages in the amount to be determined by the jury, both awards against the defendants individually and in their official capacity, jointly and severally, as alleged in paragraph "6" above.

AS AND FOR A SECOND COUNT
OF NEGLIGENT TRAINING, RETENTION, SUPERVISION AND HIRING

28. Plaintiff repeats, realleges and reaffirms paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

29. The defendants' acts of physical and emotional abuse, of creating an environment conducive to and permitting physical and emotional abuse to occur, of creating and maintaining and enforcing a policy and custom of intentionally or recklessly failing to take action constitutes

and was the cause in fact of the plaintiff's physical and severe emotional distress. The actions were extreme, wanton, intentional, excessive and outrageous by any standard of civility. Said actions give rise to a claim for relief of monetary damages to compensate Plaintiff for the violation of his constitutional rights, physical and emotional injuries.

30. The defendants were negligent in their training, retention and hiring of defendants POLICE OFFICER "JOHN" WEDRA, POLICE OFFICER "JOHN" BARONE, POLICE OFFICER "JOHN DOE 1"and POLICE OFFICER "JOHN DOE 2".

31. That defendant POLICE OFFICERS WEDRA, BARONE, JOHN DOE 1 AND JOHN DOE 2 and other police officers and defendants COUNTY OF NASSAU, INCORPORATED VILLAGE OF GARDEN CITY AND GARDEN CITY POLICE DEPARTMENT were negligent by failing to supervise and prevent the false imprisonment, false arrest, assault, battery and violation of the civil and constitutional rights of plaintiff FRANK GAETA by defendant POLICE OFFICERS.

AS AND FOR A THIRD COUNT
FOR ASSAULT AND BATTERY

32. Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33. The defendants' actions constitute physical battery and/or conspiracy to commit and recklessly tolerate batteries at a time and under conditions that imposed on the defendants a duty to prevent and stop such conduct.

34. The misconduct alleged in the preceding paragraphs resulted in countless actual unauthorized touching and serious physical harm to the plaintiff and his dignity, giving rise to a claim for assault and battery under state law, for the suffering in an amount exceeding the

minimum required for the commencement of this action and for punitive damages in such amount as the jury shall determine as against the individual defendants.

## AS AND FOR A FOURTH COUNT
## BASED UPON FALSE ARREST

35. Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36. Plaintiff at all times mentioned herein was wrongfully and falsely arrested and detained in violation of his federal and state constitutional rights.

37. That at all times mentioned herein, plaintiff was caused to sustain physical and emotional injuries as a direct result of his false arrest.

## AS AND FOR A FIFTH COUNT BASED UPON
## ARTICLE 1, SECTION 11 OF THE NEW YORK STATE CONSTITUTION

38. Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39. Article 1 Section 11 of the New York State Constitution absolutely and clearly forbids the denial of equal protection of individual rights by the state or subdivision of the state.

40. The abuse of authority alleged above gives rise to a claim for redress under state law and for which Plaintiff seeks actual damages including pain and suffering.

WHEREFORE, the plaintiff respectfully prays of the court as follows:

A.   Take jurisdiction of this matter; and

B.   A trial by jury; and

C.   Judgment for the Plaintiff against all defendants on all causes of action, and award punitive damages as against the individual defendants under each claim stated above, in such amounts as the jury determines; and

D. Award the plaintiff prejudgment interest, attorneys fees pursuant to 42 U.S.C. Section 1988 and costs as permitted by law; and

E. Such further, other and different relief as this Court may deem just and proper.

### JURY DEMAND

A jury is demanded on all issued pursuant to F.R.C.P. Rule 38.

Dated: Brooklyn, New York
April 30, 2003

FREDERICK J. MARTORELL, ESQ. P.C.

By: _____
Frederick J. Martorell, Esq.(FM-6108)
Attorney for Plaintiff
1275 81st Street
Brooklyn, NY 11228
(718) 491-0431